## BOARDMAN v. THOMPSON.

*(Circuit Court, D. Kentucky. July 18, 1882.)*

POSTMASTER—REFUSAL TO DELIVER MAIL MATTER—REMEDY.

Where the postmaster refuses to deliver registered letters and letters containing money orders, and other matter addressed through the mail, on which postage has been prepaid, the remedy of the aggrieved party is by *mandamus* or replevin, and not by injunction.

In Equity.

*David W. Sanders* and *James A. Beattie,* for complainant.

*A. A. Freeman,* Asst. U. S. Atty. Gen., for defendant.

MATTHEWS, Justice. The question presented in this case, stated in its simplest form, as it is claimed to arise upon the pleadings, is whether this court will, by its writ of injunction, prohibit a postmaster of the United States from refusing to deliver registered letters, and letters containing money orders, and other matter addressed through the mail, on which has been prepaid the proper postage, to the party to whom they are directed. In my opinion there is no such jurisdiction.

If the alleged right exists to require by judicial process the performance of such a duty on the part of a public officer towards a private individual, then it is a legal right, the specific enforcement of which is the proper function of a *mandamus,* or replevin for the recovery of the possession of the articles, or an action for damages against the officer. There is no sufficient ground for the interference of equity. If, on the other hand, a postmaster is responsible only to his political superior, and amenable to the law only for such breaches of duty as it has defined, and by the means it has provided, as by indictment and punishment and removal from office, then the present grievance is as much withdrawn from the jurisdiction of a court of equity as from the ordinary course of the common law.

It is quite certain that a perpetual injunction in the terms prayed for could not lawfully be granted, for the postmaster might be lawfully required by the postmaster general to withhold from delivery correspondence with a named party, believed by him to be engaged in a forbidden business; and an injunction for each instance in which it might be shown that no such prohibition existed, would be but an equitable replevin, without the justification of preventing a multiplicity of actions.

For these reasons the bill should be dismissed, and it is so ordered.

BARR, D. J., concurs in the foregoing opinion.